UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TERESA R. DUFFIE,

    Plaintiff,                          Case No. 3:14-cv-394

vs.

COMMISSIONER OF                     District Judge Thomas M. Rose
SOCIAL SECURITY,                    Magistrate Judge Michael J. Newman

    Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 6),[3] and the record as a whole.

I.

    A.    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of September 30, 2008. PageID 325-38. Plaintiff suffers from a number of impairments including, among others, lumbar

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

degenerative disc disease, fibromyalgia, obesity, vision problems, hearing loss, anxiety and depression.  PageID 46.

After initial denial of her claims, Plaintiff received a hearing before ALJ Amelia G. Lombardo on April 9, 2013.  PageID 76-134.  The ALJ subsequently issued a written decision finding Plaintiff not "disabled."  PageID 44-64.  Specifically, the ALJ's findings were as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2. The claimant has not engaged in substantial gainful activity since September 30, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease; fibromyalgia; obesity; syncope[4] of unknown etiology; vision problems; hearing loss; anxiety; and depression (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, and 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work[5] as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations:  unskilled as defined by the Dictionary of Occupational Titles (DOT); low stress (defined as no assembly line production quotas and not fast paced); occasional stooping and crouching; no heights, hazardous machinery, balancing, or commercial driving; work

---

[4] Syncope "is a sudden, brief loss of consciousness and posture caused by decreased blood flow to the brain."  *See* Understanding Fainting, http://www.webmd.com/brain/understanding-fainting-basics (last visited Jan. 30, 2016).

[5] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b).  An individual who can perform light work is presumed also able to perform sedentary work.  *Id.*  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  20 C.F.R. § 404.1567(a).

       that is done at a moderate (as defined by the DOT) noise level; and no more than minimal reading required.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1963 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82041 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2008[] through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 46-63.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 33-38. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

    B. **Evidence of Record**

In her decision, the ALJ detailed the medical evidence of record. PageID 47-62. Plaintiff, in her Statement of Errors, cites medical evidence relevant to her argument. Doc. 11 at PageID 2627-29. The Commissioner defers to the ALJ's statement of the medical evidence of

record. Doc. 12 at PageID 2635. Accordingly, except as otherwise noted herein, the undersigned incorporates the ALJ's summary of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this Report and Recommendation.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred in: (1) weighing medical opinion evidence; (2) finding her able to perform "light work"; and (3) incorrectly assessing her credibility. Doc. 11 at PageID 2625-31. Having carefully reviewed the administrative record

and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably reviewed the record, appropriately considered the medical evidence at issue (and applied the 'good reasons' rule with respect to the medical evidence by Plaintiff's treaters), accurately determined Plaintiff's RFC, and properly assessed Plaintiff's credibility. Thus, as more fully explained herein, the Court finds the ALJ's decision supported by substantial evidence and affirms the ALJ's non-disability finding.

### A. Medical Source Opinions

In her Statement of Errors, Plaintiff argues that the ALJ erred in weighing all medical source opinions, but only specifically mentions the ALJ's assigning of "little weight" to the opinion of treater Jill Vosler, D.O. -- Plaintiff's primary care doctor.[6] *See id*. at PageID 2627-30. Dr. Vosler opined in February 2009 that Plaintiff should "avoid all lifting, pushing[, and] pulling[.]" PageID 1225. In November 2012, Dr. Vosler opined that Plaintiff was limited to the following work activities on a sustained basis: stand and/or walk for up to a half hour per workday; sit for up to two hours per workday; alternate sitting and standing each half hour; never push, pull or perform fine manipulation; never reach above shoulder level; occasionally lift up to ten pounds; and never bend, squat, crawl, or climb. PageID 2455. Dr. Vosler then opined that Plaintiff did not maintain the RFC to perform even sedentary work. PageID 2456.

The ALJ declined to give Dr. Vosler's opinion controlling or deferential weight and, instead, assigned it little weight. PageID 60. In so doing, the ALJ explained:

---

[6] Plaintiff was permitted to challenge the ALJ's assessment of other medical source opinions (besides Dr. Vosler), but did not do so in her Statement of Errors. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014) (concluding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); *see also Baldwin v. Comm'r of Soc. Sec.*, No. 3:13-CV-389, 2015 WL 4540436, at *5 (S.D. Ohio Feb. 24, 2015). Accordingly, the Court finds that Plaintiff takes issue with the ALJ's analysis of Dr. Vosler's findings alone.

> Although Dr. Vosler has been seeing the claimant on a regular basis for several years, she is an internist, not a specialist, and her opinion is unsupported by objective signs and findings. Dr. Vosler opined a [RFC] that prohibited the claimant from any sitting, standing, or walking, an opinion clearly inconsistent with the claimant's own report of her activities. Additionally, her examinations of the claimant two weeks earlier, in November 2012, and previously in August 2012, were essentially normal. [T]he other notes from Dr. Vosler show tenderness to palpation over the left ankle, and decreased range of motion in several areas on only some occasions. Dr. Vosler otherwise documented increased pain with motion but ultimately full range of motion, no areas of decreased motion or use, joint stability, normal palpation of the spine, symmetric reflexes, normal sensation, negative straight leg raising, and a normal gait on several other occasions. These notes also show that a medical assistant performs most of the examinations and Dr. Vosler merely signs the notes, and Dr. Vosler did not provide specific reasons for such extreme limitations, which are inconsistent with the claimant's statements elsewhere in the record that she cares for her young adopted son.

PageID 60-61 (internal citations omitted).

With regard to Dr. Vosler's opinion, "the Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians like Dr. Vosler top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of*

7

*Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted).

Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 440.1527(c)(2); *see also Blakley*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*. Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406.

In her Statement of Errors, Plaintiff merely summarizes the ALJ's analysis of Dr. Vosler's opinion without arguing that the ALJ failed to perform the controlling/deferential

8

weight analysis required under 20 C.F.R. § 404.1527, or that any of the specific reasons given in assessing the opinion "little weight" were unsupported by substantial evidence. Doc. 11 at PageID 2627-29. In her reply, Plaintiff expands on the conclusory contention set forth in her Statement of Errors by generally arguing that the ALJ should have relied solely on Dr. Vosler's opinion because it is the only opinion offered by a medical source who actually examined Plaintiff. *See* doc. 13 at PageID 2662.

Plaintiff is correct that, "[g]enerally, more weight is given to the medical 'opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant].'" *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(1)). But Plaintiff fails to acknowledge that, "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants . . . may be entitled to greater weight than the opinions of treating or examining sources." *Id*. (citing SSR 96–6p, 1996 WL 374180, at *3). Absent some developed argument by Plaintiff as to why the circumstances of this case do not present an appropriate circumstance for relying on the opinions of non-examining physicians over the opinion of a treater, the undersigned finds no merit to Plaintiff's general contention in this regard. *See Curler*, 561 F. App'x at 475; *see also Baldwin*, *supra* note 6; *Reed v. Colvin*, No. CIV. 13-54-GFVT, 2014 WL 318569, at *4 (E.D. Ky. Jan. 29, 2014).

### B. Light Work

Plaintiff's main contention throughout her briefing is the assertion that the ALJ failed to identify any evidence to support her conclusion Plaintiff can perform "light work," as that term is defined by the Commissioner's regulations. Doc. 11 at PageID 2626. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Light work jobs also require "a good deal of walking

9

or standing, or when it involves sitting most of the time[,]" it requires "some pushing and pulling of arm or leg controls[.]"

Plaintiff argues that the ALJ's conclusion concerning her ability to perform "light work" is the product of the ALJ interpreting raw medical data. *See* PageID 2629. Plaintiff is correct that "ALJs are not generally entitled to make their own medical findings or interpret raw medical data[.]" *Mabra v. Comm'r of Soc. Sec.*, No. 2:11-CV-00407, 2012 WL 3600127, at *3 (S.D. Ohio Aug. 21, 2012). Here, however, the ALJ's conclusion concerning Plaintiff's ability to perform "light work" arose from giving "significant weight" to the opinions of record reviewing physicians Lynn Torello, M.D. and Maureen Gallagher, D.O., *see* PageID 58, both of whom found Plaintiff able to perform the exertional requirements necessary for "light work." PageID 158-59, 184-85.

As noted above, *see supra* note 6, Plaintiff failed to specifically challenge the ALJ's assessment of these opinions in her Statement of Errors -- and to the extent she seeks to challenge this assessment the first time in her reply, such arguments are waived. *See supra*. Because the opinions of Drs. Torello and Gallagher both support the ALJ's conclusion that Plaintiff can perform a limited range of light work, the undersigned finds no merit to Plaintiff's contention to the contrary.

### C. Credibility

Plaintiff last challenges the ALJ's credibility determination. Doc. 7 at PageID 999. "Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used[.]" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 404.1529(a); *Buxton*, 246 F.3d at 773; *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994)). "First, the ALJ will ask whether . . . there is an underlying medically determinable .

10

. . impairment that could reasonably be expected to produce the claimant's symptoms." *Id*. (citation omitted).

Second, where the ALJ determines "that such an impairment exists, then he [or she] must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities." *Id*. (citations omitted); *see also* SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996). In considering the second part of the two-part analysis, the ALJ must consider a number of "[r]elevant factors," including: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) treatment undertaken by the claimant; (6) measures undertaken by the claimant to relieve symptoms, such as lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions. 20 C.F.R. § 404.1529(c)(3); *see also Rogers*, 486 F.3d at 247.

With regard to credibility, the ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. A claimant's credibility comes into question when his or her "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence[.]" *Id*. To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record." *Id*. To that end, "the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility'" and such determinations "must find support in the record." *Id*. This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of

observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

However, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2. "In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers*, 486 F.3d at 248.

In this case, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible" for a number for reasons, namely, because her statements are not supported by: (1) objective medical evidence, which the ALJ extensively detailed and assessed; (2) her treatment history, which the ALJ characterized as not of the type and frequency one would expect from someone as limited as Plaintiff alleges; and (3) her daily activities. *See* PageID52-57. Plaintiff asserts no error in the ALJ's conclusion that her credibility is belied by medical evidence and her treatment history. Instead, Plaintiff alleges that her daily activities do not support the contention that she can perform a limited range of light work on a sustained basis.

Even assuming, *arguendo*, that Plaintiff's summary of her daily activities[7] supported her testimony concerning her work-related limitations, the Court finds such error harmless in light of the unchallenged other reasons the ALJ relied upon in discounting her credibility. *Wolfe v. Comm'r of Soc. Sec.*, No. 3:14-cv-4, 2015 WL 4554168, at *8 (S.D. Ohio Mar. 24, 2015); *cf. Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (noting that "[s]o long as there

---

[7] The undersigned notes that the ALJ accurately set forth Plaintiff's testimony concerning her daily activities. *See* PageID 52, 99-103.

12

remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such [error] is deemed harmless and does not warrant reversal").

## IV.

For the foregoing reasons, the Court finds no merit to Plaintiff's assignments of error, and further finds the ALJ's non-disability determination supported by substantial evidence.  **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED** on the Court's docket.

Date:  February 9, 2016              *s/ Michael J. Newman*
                                     Michael J. Newman
                                     United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).